STANLEY MAJKA, Respondent, *v.* GEORGE A. HASKELL et al., Defendants, and CITY OF BUFFALO, Appellant.

Fourth Department, July 8, 1948.

*Fred C. Maloney, Corporation Counsel (Bart J. Shanahan* of counsel), for appellant.

*Edward B. Horning* for respondent.

*Per Curiam.* Respondent has recovered judgment against the appellant City of Buffalo for personal injuries sustained when struck by an automobile while walking in the roadway on South Park Avenue, a main thoroughfare in the city of Buffalo. The accident occurred on a bridge or viaduct which carries South Park Avenue over the tracks of the New York Central Railroad. As plaintiff, on his way home, approached the bridge, he found the bridge sidewalks obstructed by wooden barriers with red lights suspended from them, and on the barriers in large letters the words " Bridge Closed ". Turning from the sidewalk into the roadway, he continued thereon until the Oberg automobile overtook and struck him. The court charged that if the jury found that the city employees who closed the sidewalk could reasonably have foreseen the danger of injury to pedestrians from the closing of the sidewalks and turning pedestrians into the vehicular part of the viaduct, then the city was negligent in failing to place warning signs or otherwise signalling to pedestrians and drivers of vehicles. We are of the opinion that such a theory of negligence does not apply in this case. While a municipality may be liable for injuries proximately caused by an unlawful obstruction of its sidewalks, on the theory that such an obstruction constitutes a nuisance (*O'Neill* v. *City of Port Jervis,* 253 N. Y. 423), in this case plaintiff neither alleged in his complaint nor offered proof that the closing and barricading of the sidewalk in question

was unlawful. It is undisputed that the city closed the sidewalks because inspection disclosed them to be dangerous for pedestrians. Nor was this a case where negligence might be predicated on the city's failure in its duty to maintain and repair its highways and sidewalks, for no physical defect in the roadway is involved. (See 43 C. J., Municipal Corporations, § 1793, p. 1009.) The city was under no duty, after having lawfully closed the sidewalk, to provide protective devices for pedestrians using the roadway. To hold otherwise would be to place the city in the position of an insurer of persons using its streets. At the most the failure of the city to regulate traffic during the time that the sidewalks were lawfully closed would be an omission of a duty owed the public in general, rather than to any individual such as this plaintiff. (*Murrain* v. *Wilson Line*, 270 App. Div. 372, affd. 296 N. Y. 845; *Green* v. *City of Mechanicville*, 269 N. Y. 117, 122; *Steitz* v. *City of Beacon*, 295 N. Y. 51, 55.) Our conclusion is that plaintiff failed to establish liability on the part of the city. The judgment should be reversed on the law and the facts and the complaint dismissed, with costs.

All concur. Present — TAYLOR, P. J., McCURN, LOVE, VAUGHAN and KIMBALL, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs.